IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| LILIS ENERGY, *et al*, | § | CASE NUMBER 20-33274(MI) |
| | § | |
| Debtors, | § | |

**TILDEN CAPITAL MINERALS, LLC'S MOTION TO ALLOW LATE FILED AMENDED SECURED CLAIM TO BE TREATED AS TIMELY FILED**

A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 10, 2021 AT 9:00 AM PREVAILING CENTRAL TIME IN COURTROOM 404, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS (GENERAL ORDER 2020-4).

IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S REGULAR DIAL-IN NUMBER. THE DIAL-IN NUMBER IS +1 (832) 917-1510. YOU WILL BE ASKED TO KEY IN THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554. FURTHER INFORMATION REGARDING TELEPHONE AND VIDEO APPEARANCES AT THIS HEARING IS AVAILABLE IN

**GENERAL ORDER 2020-4, WHICH CAN BE FOUND ON THE COURT'S WEBSITE AT:** http://www.txs.uscourts.gov/bankruptcy/genord.

**HEARING APPEARANCES SHOULD BE MADE ELECTRONICALLY AND IN ADVANCE OF THE HEARING. YOU MAY MAKE YOUR ELECTRONIC APPEARANCE BY VISITING https://www.txs.uscourts.gov/page/united-states-bankruptcy-judge-marvin-isgur-electronic-appearance-links, SELECTING LILIS ENERGY FROM THE LIST OF ELECTRONIC APPEARANCE LINKS, COMPLETING THE REQUIRED FIELDS, AND HITTING THE "SUBMIT" BUTTON AT THE BOTTOM OF THE PAGE. SUBMITTING YOUR APPEARANCE ELECTRONICALLY IN ADVANCE OF THE HEARING WILL NEGATE THE NEED TO MAKE AN APPEARANCE ON THE RECORD AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Tilden Capital Minerals, LLC ("Tilden" or "Movant"), by and through the undersigned counsel, hereby files its Motion to Allow Late Filed Amended Secured Proof of Claim as Timely Filed, and would state as follows:

## BACKGROUND

1. On June 28, 2020 (the "Petition Date"), Lilis Energy, Impetro Operating LLC, and their affiliated debtors filed their Chapter 11 bankruptcy cases.

2. Tilden is a Fort Worth based company with its corporate headquarters located at 3100 W. 7th Street, Suite 240, Fort Worth, Texas 76107. Tilden is a mineral interest owner in certain Leases and Wells owned and/or operated by Debtors (the "Mineral Interest"). A true and correct copy of the Mineral Deeds evidencing its ownership in the Leases and Wells owned and/or operated by Debtors is attached hereto as Exhibit A. The pre-petition royalty amount due and owing to Tilden is $49,491.86. The amount due and owing to Tilden is secured by a contractual lien derived from the Joint Operating Agreement.

3. As part of their bankruptcy cases, the Debtors requested to shorten standard the deadlines for creditors to file proofs of claims. Based upon the requests and representations of the Debtors, the Court entered an order establishing August 12, 2020 as the deadline for non-governmental entities to file proofs of claim (the "Bar Date Deadline").

4. On September 23, 2020, Debtors filed their amended schedules. Pursuant to the amendment Tilden received notice that it's claim was reclassified as a general unsecured claim and notified to file its proof of claim or alternatively, accept the treatment as a general unsecured creditor as provided in the Amended Schedules.

5. Absent the debtor scheduling a claim as disputed, contingent or unliquidated, a creditor need not file a proof of claim. 11 U.S.C. §1111(a). Generally, a secured creditor need not file a proof of claim to recover against its secured property.

6. On or around October 28, 2020, in an attempt to assert its claim as secured, Tilden filed its Proof of Claim ("POC") (Claim No. 406). A true and correct copy of the POC is attached hereto as Exhibit B. Subsequently, after making multiple inquiries regarding the status of payment on its secured claim to no avail, Tilden retained the undersigned counsel to assist in resolving the issues it had encountered in receiving its pre-petition interest payment. Upon review of Tilden's claim it was discovered that Tilden, not having knowledge of the bankruptcy laws or rules had made an error in completing the POC which resulted in Tilden being listed as a general unsecured creditor, which is contradictory to the purpose of filing the POC.

7. On May 6, 2021, Tilden filed its Amended Proof of Claim ("Amended Claim") asserting its claim as secured. A true and correct copy of the Amended Claim is attached hereto as Exhibit C.

**REQUESTED RELIEF**

8. Federal Rule of Bankruptcy Procedures 9006(b) allows the Bar Date to be extended where the failure to timely act "was the result of excusable neglect." Tilden requests that the Court grant an extension of the Bar Date Deadline due to the intervening circumstances and other factors that support the "excusable neglect" standard. In this case, the prejudice to the Debtor is negligible as the claim was known to the Debtors, is scheduled as undisputed and noncontingent, and is a relatively small claim. The reason for the delay in amending the filing is primarily caused by Tilden being unaware of it's error in completing the POC. Tilden has acted in good faith and the cause for the delay was not reasonably in control of Tilden.

9. Tilden is entitled to secured status in this proceeding because of the First Purchaser Statute. Tex. Bus. & Com. Code § 9.343. By way of its ownership of the Mineral Interest, Tilden's security interest is perfected automatically without the filing of a financing statement. Tex. Bus. & Com. Code § 9.343(b). Furthermore, Tilden's security interest to secure payment against the first purchaser of hydrocarbons is in the amount equal to its proportionate share of production, which is the amount it seeks in its Amended Claim. Tilden's Mineral Interest and status as a secured party is evidenced by a deed, mineral deed, reservation in either, oil or gas lease, assignment, or any other such record recorded in the real property records of a county clerk, that record is effective as a filed financing statement for purposes of chapter 9 of the Texas Business and Commerce Code. *Id.*

10. Accordingly, Tilden requests an order from the Court allowing the Amended Claim filed by Tilden, as a timely filed secured proof of claim.

WHEREFORE, Tilden requests an order from the Court allowing the Amended Proof of Claim as timely filed by Tilden.

Dated: May 6, 2021

    Respectfully submitted,

    DAWSON PARRISH, PC
    Oil & Gas Building
    201 W. Wall Street, Suite 201
    Midland, Texas 79701
    Office: (817) 870-1212
    Fax: (888) 482-2724

    /s/ J. Hunter Parrish

    J. Hunter Parrish
    hparrish@dawsonparrish.com
    State Bar No. 24070386

    *Attorney for Movant*

## CERTIFICATE OF SERVICE

I certify that on May 6, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to the parties listed below at the email addresses listed and all other parties requesting electronic service.

David Andrew Baay on behalf of Plaintiff ARM Energy Management LLC
davidbaay@eversheds-sutherland.com, ilianagarza@eversheds-sutherland.com

David Andrew Baay on behalf of Plaintiff SCM Crude LLC davidbaay@eversheds-sutherland.com, ilianagarza@eversheds-sutherland.com

David Andrew Baay on behalf of Plaintiff Salt Creek Midstream LLC davidbaay@eversheds-sutherland.com, ilianagarza@eversheds-sutherland.com

Joseph E Bain on behalf of Creditor Committee Official Committee of Unsecured Creditors of Lilis Energy, Inc., et al. JBain@joneswalker.com, kvrana@joneswalker.com;msalinas@joneswalker.com

Nicholas Edmund Baker on behalf of Creditor BMO Harris Bank N.A. nbaker@stblaw.com

Jason Bradley Binford on behalf of Interested Party Railroad Commission of Texas
Jason.binford@oag.texas.gov

Jason Bradley Binford on behalf of Interested Party Texas Comptroller of Public Accounts, Unclaimed Property Division Jason.binford@oag.texas.gov

Andrew A Braun on behalf of Interested Party A2D Technologies, Inc., d/b/a TGS Geological Products and Services abraun@glllaw.com

Andrew A Braun on behalf of Interested Party TGS-NOPEC Geophysical Company ASA
abraun@glllaw.com

Duane J Brescia on behalf of Creditor Seitel Data, Ltd. duane.brescia@clarkhillstrasburger.com, donna.krupa@clarkhillstrasburger.com;Kathryn.Alexander@clarkhillstrasburger.com;bkrtcynotices@strasburger.com

Charles R Chesnutt on behalf of Creditor Heritage Disposal Corporation pleadings@chapter7-11.com

Pamela Marie Dupuis on behalf of Defendant Lilis Energy, Inc. pdupuis@zlawfirm.com

Hector Duran, Jr on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov

Laura Fontaine on behalf of Creditor Sooner Pipe, L.L.C. laura@hedrickkring.com, Robbyn@HedrickKring.com;McKenzie@HedrickKring.com;Josh@hedrickkring.com

Garrett Andrew Gibson on behalf of Plaintiff ARM Energy Management LLC
garrettgibson@eversheds-sutherland.com

Garrett Andrew Gibson on behalf of Plaintiff SCM Crude LLC garrettgibson@eversheds-sutherland.com

Garrett Andrew Gibson on behalf of Plaintiff Salt Creek Midstream LLC garrettgibson@eversheds-sutherland.com

William Grubb on behalf of Creditor BMO Harris Bank N.A. wgrubb@mcginnislaw.com, mleonard@mcginnislaw.com,cosborn@mcginnislaw.com

Christopher Lance Halgren on behalf of Creditor BMO Harris Bank N.A. chalgren@mcginnislaw.com, cosborn@mcginnislaw.com;mleonard@mcginnislaw.com

Katherine T. Hopkins on behalf of Creditor City Center Development Co., L.P. katherine.thomas@kellyhart.com, Katherine.hopkins@kellyhart.com
Katherine T. Hopkins on behalf of Creditor DDR/DTC City Investments, L.P. katherine.thomas@kellyhart.com, Katherine.hopkins@kellyhart.com

Katherine T. Hopkins on behalf of Creditor SRB City Investments, L.P. katherine.thomas@kellyhart.com, Katherine.hopkins@kellyhart.com

Katherine T. Hopkins on behalf of Creditor T-L City Investments, L.P. katherine.thomas@kellyhart.com, Katherine.hopkins@kellyhart.com

s/ J. Hunter Parrish

J. Hunter Parrish